

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE OSCAR SAJQUIM GUILLERMO,<br><br>Petitioner,<br><br>v.<br><br>OTAY MESA DETENTION CENTER WARDEN, et al.,<br><br>Respondents. | Case No.:  3:26-cv-02397-RBM-MMP<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE**<br><br>**[Doc. 1]** |

On April 15, 2026, Petitioner Jose Oscar Sajquim Guillermo ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Pursuant to this Court's Order (*see* Doc. 2), Respondents filed a Response to the Petition claiming that the Petition is subject to dismissal under 28 U.S.C. § 2242 because it is not signed and verified by Petitioner or by someone acting on Petitioner's behalf.  (Doc. 5 at 1–2.)  Petitioner was allowed to file an optional reply on or before May 13, 2026.  (Doc. 2 at 2.)  However, Petitioner has not filed a reply brief or any additional documents as of the date of this Order.

For the reasons set forth below, the Petition (Doc. 1) is **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

1

## I.    DISCUSSION

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petitioner sign and verify a petition for writ of habeas corpus. *See* Rules Governing Section 2254 Cases in the United States District Courts R. 2 (2019) [hereinafter "Habeas Rules"] (requiring petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"); 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."); *see also* Fed. R. Civ. P. 11(a) (requiring parties proceeding without counsel to sign all pleadings, motions, and other papers submitted to the court for filing). "The district court may refuse to file, or may dismiss, an unsigned and unverified petition." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In this case, Petitioner did not sign or verify the instant Petition. (*See generally* Doc. 1.) As Petitioner has failed to comply with Habeas Rule 2(c), the Petition must be dismissed. *See Dixon v. Clark*, 714 F. Supp. 2d 1029, 1034 (C.D. Cal. 2010).

## II.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**. Petitioner may file an amended petition that addresses the issued identified above **on or before July 26, 2026**. The amended petition must be complete in itself and may not reference or incorporate any other prior filings. *If Plaintiff fails to file an amended petition <u>on or before July 26, 2026, the Court will enter a final order dismissing this action</u>*. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED**.

DATE: June 29, 2026

_____
HON. RUTH BERMÚDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

2

3:26-cv-02397-RBM-MMP