**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOSE OSCAR SAJQUIM GUILLERMO,
Petitioner,

v.

OTAY MESA DETENTION CENTER WARDEN, et al.,
Respondents.

Case No.: 3:26-cv-02397-RBM-MMP

**ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**[Doc. 7]**

Petitioner Jose Oscar Sajquim Guillermo ("Petitioner"), proceeding *pro se*, commenced this action on April 15, 2026, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 2), Respondents filed a Response arguing that the Petition was subject to dismissal under 28 U.S.C. § 2242 because it was not signed or verified by Petitioner or someone acting on Petitioner's behalf. (Doc. 5 at 1–2.) Petitioner was allowed to file an optional Reply on or before May 13, 2026, but did not do so. (*See* Doc. 2 at 2.)

On June 29, 2026, the Court dismissed the Petition for failure to sign or verify the Petition but granted Petitioner leave to file an amended petition. (Doc. 6 at 2.) Petitioner timely filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Amended Petition") on July 13, 2026. (Doc. 7.) For the reasons set forth below, the Amended Petition (Doc. 7) is **DISMISSED WITHOUT PREJUDICE**.

## I. <u>DISCUSSION</u>

The Court must first screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019); *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254."). "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)). To survive screening , the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).

Here, Petitioner claims his immigration detention has been unconstitutionally prolonged in violation of the Fifth Amendment's Due Process Clause. (Doc. 7 at 7.) Petitioner alleges that he entered the United States on November 5, 2005, and was taken into immigration custody on January 13, 2026. (*Id*. at 5, 7.) He also alleges that in 2021, he and his attorney "decided that the best option was to apply for asylum." (*Id*. at 7.)

However, the Court is missing important information from Petitioner that it needs to properly evaluate his prolonged detention claim. For example, Petitioner does not indicate whether and when he applied for asylum, whether was detained when he first entered the United States, his country of origin, whether he was previously released on parole, whether he has been provided with a bond hearing while in immigration detention, whether an

immigration judge has ordered him removed, or what stage his immigration proceedings are currently at. Without this information, the Court cannot determine whether Respondents plausibly engaged in unlawful conduct. *See Kourteva*, 151 F. Supp. 2d at 1128 ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted). The Amended Petition therefore fails to meet the screening requirements for a habeas petition and must be dismissed.[1]

## II. CONCLUSION

Based on the foregoing reasons, the Amended Petition (Doc. 7) is **DISMISSED WITH LEAVE TO AMEND**. Petitioner **MAY FILE** an amended petition addressing the issues identified above **on or before August 24, 2026**. The amended petition must be complete in itself and may not reference or incorporate any other prior filings. If Plaintiff fails to file an amended petition **on or before August 24, 2026**, the Court will enter a final order dismissing this action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED**.

DATE: July 23, 2026

HON. RUTH BERMÚDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

[1] Petitioner may be interested in contacting Federal Defenders of San Diego, Inc. to see if a Federal Defender can represent Petitioner in this matter.