UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOSE OSCAR SAJQUIM GUILLERMO,
Petitioner,

v.

OTAY MESA DETENTION CENTER WARDEN, et al.,
Respondents.

Case No.: 3:26-cv-02397-RBM-MMP

**ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

**[Doc. 10]**

Before the Court is Petitioner Jose Oscar Sajquim Guillermo's ("Petitioner") Amended Petition for a Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. (Doc. 10.) For the reasons set forth below, the Court **DISMISSES as moot** the Amended Petition (Doc. 10).

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection on November 5, 2005. (Doc. 7 at 7.) On January 13, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents when he went to the immigration office to "renew [his] asylum" and placed in detention at Otay Mesa Detention Center, where he has been held since. (Doc. 10 at 4, 6.) Petitioner was ordered removed by an immigration judge on July 29, 2026. (*Id.* at 6.) On August 26, 2026, Petitioner filed his

Amended Petition (Doc. 10), arguing that his detention violates the Fifth Amendment's Due Process Clause. (*Id.* at 2.)

The Court issued an Order to Show Cause on September 4, 2026. (Doc. 11.) Respondents filed their Response on September 11, 2026 (Doc. 12), in which they argued that the case was moot because a bond hearing for Petitioner was scheduled for September 18, 2025. (*Id.* at 2.) Petitioner did not file a Reply. The Court issued an Order requiring Respondents to provide a Status Report on November 5, 2026 (Doc. 14), and Respondents did so the same day (Doc. 15). The Report stated that "on October 9, 2026, Petitioner was provided an individualized bond hearing before an immigration judge" who "granted bond to Petitioner in the amount of $9,500.00." (Doc. 15 at 1.) "Petitioner was released from Respondents' custody on October 15, 2026." (*Id.*)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

The Constitution limits federal courts' jurisdiction over actions to those that present live cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) ("Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot.") (citation omitted). A habeas petition that primarily seeks release may become moot if the petitioner is released. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997). Release does not moot a habeas petition, though, if there remains some "collateral consequence that may be

redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064–65 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

## III. DISCUSSION

Respondents represent that: (1) Petitioner has been released from custody on bond; and (2) Petitioner was detained under § 1226(a). (*See* Doc. 13 at 2; Doc. 15 at 1.) Therefore, the Petition is moot unless Petitioner can demonstrate that "collateral consequence[s] remain." *See Abdala*, 488 F.3d at 1064–65. Petitioner cannot do that here because any future detention remains "speculative and hypothetical." *Alam v. Carter*, 843 F. App'x 953, 954 (9th Cir. 2021); *see also Serrato v. Clark*, 486 F.3d 560, 566 (9th Cir. 2007) (noting that a habeas petitioner must show an actual injury that is not conjectural). If Respondents seek to re-detain Petitioner, they must comply with the requirements of § 1226(a) and due process. But on this record, there is no live case or controversy for the Court to resolve. If Petitioner is re-detained, he may raise any subsequent issues in a renewed petition.

## IV. CONCLUSION

For the reasons above, the Court **DISMISSES as moot** the Amended Petition (Doc. 10).

The Clerk of Court is **DIRECTED** to **close the case**.

**IT IS SO ORDERED.**

DATE: November 9, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE